LORETTA HOEY, BY NEXT FRIEND, v. SUPERIOR LAUNDRY COMPANY, PROSECUTOR.

Submitted July 3, 1913—Decided November 10. 1913.

1. In an action by an employe to recover compensation for injuries received while in the course of employment, the defendant cannot set up the infancy of the plaintiff as a bar to the action, infancy being a personal privilege which none but the infant can take advantage of, and a contract voidable by an infant binds a person of full age.

2. The judgment in an action brought by an infant, by his next friend, to recover compensation as an employe, for injuries suffered in the course of employment, under the statute prescribing the liability of an employer in such cases (*Pamph. L.* 1911, *p.* 134), binds the plaintiff, to the extent of the questions involved, as effectively as in a suit for damages generally without reliance upon the compensatory features of the statute.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutor, *George E. Clymer.*

For the defendant, *Raymond, Mountain, Van Blarcom & Marsh.*

The opinion of the court was delivered by

BERGEN, J. This writ seeks the review of a judgment entered against the prosecutor and in favor of the defendant

in the Court of Common Pleas of the county of Essex, under an act entitled, "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating the procedure for the determination of liability and compensation thereunder." *Pamph. L.* 1911, *p.* 134.

In that court the defendant in the present litigation, being a minor, applied for the appointment of a next friend, for the purpose of instituting an action against the prosecutor named in this writ for damages she had suffered as the result of an accident which happened to her while in the employment of the prosecutor. The Court of Common Pleas made an order appointing the father of the minor as her next friend, and thereupon proceedings were taken in accordance with the statute above mentioned, which resulted in the judgment assailed by this writ. The statute referred to declares the procedure, in case of a dispute over, or failure to agree upon, a claim for compensation between the employer and the party making the claim to be, that either party may present a petition to the judge of the Court of Common Pleas of such county as would have jurisdiction in a civil case, which petition shall set forth the names and residences of the parties and the facts relating to the employment at the time of the injury, the extent and character of the injury, the amount of wages then received, the knowledge of the employer of the occurrence, and such other facts as may be necessary for the information of the judge, together with a statement of the matter in dispute and the contention of the petitioner; that the petition be filed with the clerk of the Court of Common Pleas, and shall be served as a summons in a civil action, to which the adverse party may file an answer, and at a time to be fixed by the judge he shall hear the witnesses produced by each party, and in a summary manner decide the merits of the controversy, which as to questions of fact shall be conclusive and binding. When this determination is filed with the clerk of the court, judgment

shall be entered thereon in the same manner as in causes tried in the Court of Common Pleas.

There can be no doubt that this legislation provides a method by which an employe may institute an action, and, if the facts warrant it, recover a judgment for such injuries as the defendant may be liable for under this act. The proceeding is, as the act states, summary, but it provides for the institution of a suit by petition, notice to the defendant thereof, to which he may appear, answer, and have a trial, with a resulting judgment either adverse or favorable, which as to the controversy tried would be binding on both parties. It is a judgment recovered in accordance with this statute after petition, notice to defendant, answer filed by it, and a trial which the defendant in that proceeding now asks to have set aside.

The first point which the prosecutor urges is that paragraph 9 of section 2 of the act is not applicable, or if it does it is not a constitutional statute, where, as in this case, the employe is a minor. This section provides that every contract of hiring made subsequent to the time when the act took effect shall be presumed to have been made with reference to the provisions of section 2, and that, unless there is an express contract to the contrary, or a written notice from either party to the other that the provisions of this section are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 and have agreed to be bound thereby, and in the case of the employment of minors, it shall be presumed to apply, unless the notice be given by or to the parent or guardian of the minor. From this the prosecutor argues that as an infant is under such disability that contracts of a minor are voidable, except those of certain classes, contracts for employment are not binding upon a minor, and, therefore, so much of the act as presumes, in the case of an infant, that the parties have accepted the provisions of section 2 and agreed to be bound thereby, is not constitutional. There is no basis in law for the contention thus set up, for the only person who could take advantage of the lack

of power to make such a contract would be the infant, and she is insisting on the benefit of a contract in her behalf, with the prosecutor, which it might have disavowed by a proper notice. "Infancy is a personal privilege, of which no one can take advantage but the infant himself, and, therefore, although the contract of the infant be voidable, it shall bind the person of full age. It is, therefore, unnecessary to inquire how far the infant could bind himself by such a contract as the case discloses. It is very clear that the other party is bound." *Voorhees* v. *Wait*, 3  *Gr.* 343.

The prosecutor having elected that the employment should be subject to the terms of section 2 of the statute, cannot now, in an action brought by its employe to recover the compensation which the statute accords, set up the infancy of the plaintiff as a bar to her action. The right of an infant to maintain an action for injuries received, for which a master may be liable, is subject to statutory regulation, and this statute clearly provides that any employe, which includes infants, may maintain an action under section 2, unless a notice be given to the employer by the parent or guardian that any right of action that may arise, based upon injuries suffered in that service, is not limited to the compensation provided in the statute. The judgment in this case is as binding upon the infant as to the questions involved, as if she had brought a suit to recover damages for injuries generally without reliance upon the compensatory features of the statute.

The other arguments advanced by the prosecutor against the constitutionality of this act were considered and disposed of by this court, adverse to the claim of the prosecutor, in *Sexton* v. *Newark District Telegraph Co.*, 55 *Vroom* 85.

The judgment is affirmed, with costs.